UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE SUNEDISON, INC. SECURITIES LITIGATION | Civil Action No. 1:16-md-2742 |
| KEARNY INVESTORS S.À R.L., POWELL INVESTORS L.P., and POWELL INVESTORS II LIMITED PARTNERSHIP,<br><br>Plaintiffs,<br><br>vs.<br><br>GOLDMAN SACHS & CO., DEUTSCHE BANK SECURITIES INC., J.P. MORGAN SECURITIES LLC, MACQUARIE CAPITAL (USA) INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, MORGAN STANLEY & CO. LLC, ANTONIO R. ALVAREZ, PETER BLACKMORE, AHMAD CHATILA, CLAYTON DALEY, JR., EMMANUEL HERNANDEZ, GEORGANNE C. PROCTOR, STEVEN TESORIERE, MARTIN TRUONG, JAMES B. WILLIAMS, BRIAN WUEBBELS, and RANDY H. ZWIRN,<br><br>Defendants. | Civil Action No. 1:16-cv-09566-PKC<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 10-5-18 |
| CANYON CAPITAL ADVISORS LLC, CANYON BALANCED MASTER FUND, LTD., CANYON CAPITAL ARBITRAGE MASTER FUND, LTD., CANYON-GRF MASTER FUND II, L.P., CANYON VALUE REALIZATION FUND, L.P., and THE CANYON VALUE REALIZATION MASTER FUND, L.P.,<br><br>Plaintiffs,<br><br>vs. | Civil Action No. 1:16-cv-09171-PKC |

ANTONIO R. ALVAREZ, PETER BLACKMORE, AHMAD CHATILA, CLAYTON DALEY JR., EMMANUEL HERNANDEZ, GEORGANNE PROCTOR, STEVEN TESORIERE, MARTIN TRUONG, JAMES B. WILLIAMS, BRIAN WUEBBELS, RANDY H. ZWIRN, GOLDMAN SACHS & CO., DEUTSCHE BANK SECURITIES INC., J.P. MORGAN SECURITIES LLC, MACQUARIE CAPITAL (USA), INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, and MORGAN STANLEY & CO. LLC,

Defendants.

---

CANYON CAPITAL ADVISORS LLC and EP CANYON LTD. (f/k/a PERMAL CANYON IO LTD.),

Plaintiffs,

vs.

ANTONIO R. ALVAREZ, PETER BLACKMORE, AHMAD CHATILA, CLAYTON DALEY JR., EMMANUEL HERNANDEZ, GEORGANNE PROCTOR, STEVEN TESORIERE, MARTIN TRUONG, JAMES B. WILLIAMS, BRIAN WUEBBELS, RANDY H. ZWIRN, GOLDMAN SACHS & CO., DEUTSCHE BANK SECURITIES INC., J.P. MORGAN SECURITIES LLC, MACQUARIE CAPITAL (USA), INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED and MORGAN STANLEY & CO. LLC,

Defendants.

Civil Action No. 1:16-cv-09172-PKC

**STIPULATION AND [PROPOSED] ORDER**

Kearny Investors S.à r.l., Powell Investors L.P., and Powell Investors II Limited Partnership (the "Kearny Plaintiffs"); Canyon Capital Advisors LLC, Canyon Balanced Master

Fund, Ltd., Canyon Capital Arbitrage Master Fund, Ltd., Canyon-GRF Master Fund II, L.P., Canyon Value Realization Fund, L.P., The Canyon Value Realization Master Fund L.P., and EP Canyon Ltd. (f/k/a Permal Canyon IO Ltd.) (the "Canyon Plaintiffs," and together with the Kearny Plaintiffs, the "Plaintiffs"); Goldman Sachs & Co., Deutsche Bank Securities Inc., JP Morgan Securities LLC, Macquarie Capital (USA) Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, and Morgan Stanley & Co., LLC ("Underwriter Defendants"); Antonio R. Alvarez, Peter Blackmore, Ahmad Chatila, Clayton Daley, Jr., Emmanuel Hernandez, Georganne C. Proctor, Steven Tesoriere, Martin Truong, James B. Williams, Brian Wuebbels, and Randy H. Zwirn (the "Individual Defendants," together with the Underwriter Defendants, "Defendants," and together with the Plaintiffs and the Underwriter Defendants, the "Parties") hereby stipulate, by and through their respective counsel, as follows:

WHEREAS, on April 17, 2018, Plaintiffs filed Amended Complaints in the above-captioned actions against Defendants;

WHEREAS, Plaintiffs' Amended Complaints allege that the offering documents for the SunEdison preferred securities contained materially untrue and misleading statements and omissions in violation of the California Corporate Securities Law of 1968, Cal. Corp. Code §§ 25401, 25501, 25504 (together, the "California Blue Sky Law") and the Federal Securities Act of 1933 (the "Securities Act"), §§ 11, 12(a)(2), 15 (together, the "Securities Claims");

WHEREAS, Plaintiffs' Amended Complaints contain allegations that are similar in certain respects to those made in the Second Amended Complaint filed in *Horowitz et al. v. SunEdison, Inc. et al.*, 16-cv-7917-PKC (S.D.N.Y.) (the "Class Case") (Dkt. 138), which brought claims under the Securities Act and the Securities Exchange Act of 1934;

WHEREAS, on March 6, 2018, the Court issued a decision in *Horowitz et al. v. SunEdison, Inc. et al.*, 16-cv-7917-PKC (S.D.N.Y.) (Dkt. 167) granting in part and denying in part Defendants' motion to dismiss (the "Class Action Decision");

WHEREAS, the Class Action Decision sustained the sufficiency of the pleading of claims under the Securities Act relating to (i) a second lien loan that SunEdison took from an affiliate of Goldman Sachs in August 2015 (the "Second-Lien Loan"); (ii) a margin call on the $410 million margin loan ("Margin Loan") that occurred on or around August 7, 2015 (the "Margin Call"); and (iii) the description of lender recourse available on the Margin Loan and $337 million of SunEdison 3.75% Guaranteed Senior Secured Notes due 2020 (the "Exchangeable Notes");

WHEREAS, the Class Action Decision dismissed all other claims under the Securities Act;

WHEREAS, on May 4, 2018, the Underwriter Defendants filed a pre-motion to dismiss letter raising certain grounds for dismissal of Plaintiffs' claims under the California Blue Sky Law;

WHEREAS, on May 4, 2018, the Individual Defendants filed a pre-motion to dismiss letter seeking to dismiss various of the Securities Act claims in the Amended Complaints;

WHEREAS, counsel for Plaintiffs and Defendants have conferred and agreed that in order to preserve judicial economy and avoid duplicative motion practice and briefing, which allows the Parties to proceed to discovery without delay and avoids the potential for witnesses to be reexamined, they would stipulate and agree that the Court would render the same decision as to Plaintiffs' Securities Claims as it did with respect to the claims addressed in the Class Action Decision, as set forth herein;

**IT IS HEREBY STIPULATED AND AGREED**, by the undersigned counsel on behalf of the Parties, as follows:

(a) The Parties shall treat the Class Action Decision as if it was rendered with respect to the Amended Complaints (the "Amended Complaint Decision");

(b) The claims in the Amended Complaints based on misstatements and/or omissions related to the (i) Second-Lien Loan; (ii) Margin Call; and (iii) description of lender recourse available on the Margin Loan and Exchangeable Notes are sustained for the same reasons stated in the Class Action Decision, as reflected in sections I.B.4, I.B.5, and I.B.6 thereof;

(c) Securities Claims in the Amended Complaints based on alleged misstatements and/or omissions other than those described in paragraph (b) are dismissed for the reasons stated in the Class Action Decision, as reflected in sections I.B.1, I.B.2, I.B.3, and I.B.7 thereof;

(d) In light of (a) through (c), the Individual Defendants' pre-motion letter is withdrawn and the Individual Defendants will not file any motion to dismiss the Amended Complaints pursuant to Federal Rule of Civil Procedure 12;

(e) The Parties reserve the right to appeal any portion of the Amended Complaint Decision;

(f) The Plaintiffs reserve the right to move for leave to amend to the extent permitted under Rule 15 and the local rules, and the Defendants reserve the right to challenge or oppose any such request on any applicable grounds;

(g) Notwithstanding any provision to the contrary herein and subject to the Stipulations and Orders entered by the United States District Court for the Northern District of

California in *Kearny Investors S.À R.L., et al. v. Goldman Sachs & Co., et al.*, No. 4:16-cv-06582-YGR on November 29, 2016 [ECF No. 17], *Canyon Capital Advisors LLC, et al. v. TerraForm Global, Inc., et al.*, No. 5:16-cv-05185-BLF on November 17, 2016 [ECF No. 71], and *Canyon Capital Advisors LLC, et al. v. Alvarez et al.*, No. 5:16-cv-05187-BLF on November 17, 2016 [ECF No. 62], the Defendants reserve the right to move to dismiss the California Blue Sky Law claims on any grounds whatsoever other than those that were raised with respect to the class plaintiffs' claims under the Securities Act;

(h) The Parties shall meet and confer on the schedule for briefing Underwriter Defendants' motion to dismiss the California Blue Sky Law claims promptly after the Court rules on Underwriter Defendants' pending pre-motion to dismiss letter, but in no event shall Underwriter Defendants be required to file their motion to dismiss any earlier than 60 days after the Court acts on the pending pre-motion to dismiss letter;

(i) The Parties agree that the automatic stay provision under the Private Securities Litigation Reform Act (the "PSLRA Stay") is lifted with respect to Plaintiffs' actions, and that Defendants reserve the right to assert in the future that the PSLRA Stay applies to any new claims and/or allegations that Plaintiffs assert in further amended complaints;

(j) Discovery shall be governed by the Court's April 17, 2018 Order in the Class Case (Dkt. 338), and all subsequently ordered revisions thereto, with the following exceptions:

> (i) The Parties will exchange initial disclosures pursuant to Rule 26(a)(1) following a meet and confer to occur within fourteen (14) days of the entry of this Order;

(ii) All discovery that Defendants plan to take of Plaintiffs and/or that the Parties intend to take of third parties with knowledge of facts relevant to Plaintiffs' Securities Claims and/or Defendants' defenses thereto shall be governed by a separate stipulation, which shall include the following deadlines: (A) Defendants shall serve requests for the production of documents, if any, on Plaintiffs by October 5, 2018; (B) Plaintiffs shall respond to Defendants' requests for the production of documents by October 29, 2018; (C) Plaintiffs shall substantially complete their document productions no later than December 31, 2018; and (D) Defendants' cutoff for fact discovery related to Plaintiffs shall be set on April 30, 2019;

(iii) Plaintiffs will sign and agree to be bound by the June 13, 2018 Protective Order and July 3, 2018 Order (which addresses the handling of certain privileged material) entered in the Class Case (Dkt. Nos. 386 and 393);

(iv) Provided that Plaintiffs have complied with section (j)(iii), Defendants shall make available to Plaintiffs within three business days following the execution of this Stipulation and all protective orders entered in the Class Case, via an agreed-to means of electronic transfer, all documents produced to date in the Class Case;

(v) Within 14 days following the Plaintiffs' substantial completion of document production, the Parties will meet and confer on a schedule for expert discovery, that shall govern, among other things, when Plaintiffs will have access to any expert reports submitted by Defendants in the

Class Case (which shall not take place until the date set for the Parties to exchange reports in this action). For the avoidance of doubt, any expert discovery in the Class Case will remain confidential and cannot be provided to Plaintiffs by any party in the Class Case except in accordance with the schedule for expert discovery agreed to by the Parties and after the close of fact discovery in this case.

(k) For purposes of discovery only: (i) KKR Credit Advisors (US) LLC will be treated as if it were a Kearny Plaintiff, and Kearny Plaintiffs agree that they are obligated to accept service of notices of deposition and/or requests for documents or written discovery on behalf of any affiliate of KKR over which the Kearny Plaintiffs or KKR Credit Advisors (US) LLC exercise control and/or any current employee thereof (while reserving all rights to object to any requests or demands contained therein) and agree that any disputes related to any such discovery requests will be exclusively submitted to and decided by this Court, and the Kearny Plaintiffs shall not argue that they are not required to comply with any such notice of deposition and/or discovery request on the grounds that the KKR affiliate is not a party to this proceeding; and (ii) Canyon Plaintiffs agree that they are obligated to accept service of notices of deposition and/or requests for documents or written discovery on behalf of any affiliate of Canyon Capital Advisors LLC over which the Canyon Plaintiffs exercise control and/or any current employee thereof (while reserving all rights to object to any requests or demands contained therein) and agree that any disputes related to any such discovery requests will be exclusively submitted to and decided by this Court, and the Canyon Plaintiffs shall not argue that they are not required to comply with any such notice of deposition and/or discovery request on the grounds that the Canyon Capital Advisors LLC affiliate is not a party to this proceeding;

(l) Absent a showing of good cause, Plaintiffs agree to limit their document requests to those already propounded by plaintiffs in the Class Case. Should the plaintiffs in the Class Case propound additional document requests, Plaintiffs may adopt those as well;

(m) Plaintiffs agree that they will adopt the deposition schedule and, except as otherwise set forth herein, accept all other limitations that currently apply to, and that may in the future become applicable to, plaintiffs in the Class Case, and will attend those depositions noticed or subpoenaed in the Class Case as they deem appropriate, provided, however, that: (i) Plaintiffs' failure to attend any such deposition for any reason whatsoever will not be a valid basis to seek their own deposition of the witness deposed by plaintiffs in the Class Case (and Plaintiffs waive the right to notice or subpoena the deposition testimony of witnesses deposed in the Class Case); (ii) Plaintiffs shall collectively be entitled to notice depositions of three witnesses in addition to those noticed by plaintiffs in the Class Case, and they shall not be entitled to notice any other depositions, absent good cause shown; (iii) Defendants shall collectively be entitled to notice depositions of 20 fact witnesses in the above-captioned actions, but absent good cause shown, shall be limited (absent Plaintiffs' consent or good cause shown) to a maximum of five deponents who are current or former employees, representatives, or agents of Canyon Plaintiffs and a maximum of five deponents who are current or former employees, representatives, or agents of Kearny Plaintiffs;[1] and (iv) the Parties reserve the right to depose all witnesses who will be called at trial other than (A) witnesses who have already been deposed or (B) witnesses who were not deposed but who either are Individual Defendants or were disclosed in the Class Case pursuant to Federal Rule of Civil Procedure 26(a)(1); and (v) Defendants agree not to object to non-duplicative examination by Plaintiffs' counsel at a deposition noticed or

---

[1] The depositions referenced in paragraphs m(ii) and m(iii) shall be completed by April 30, 2019.

subpoenaed by plaintiffs in the Class Case on the basis that plaintiffs in the Class Case have also conducted an examination; and

    (n) Plaintiffs agree that they will not use any discovery they obtain to oppose the Underwriter Defendants' currently contemplated motion to dismiss the Amended Complaints, provided that following the Court's ruling on such motion, each party reserves all rights to seek leave to amend or oppose any such request for leave to amend and/or amendment.

DATED: October 2, 2018

Stipulated and agreed to by:

| | |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP** | **SHEARMAN & STERLING LLP** |
| /s/ *Andrew J. Rossman* | /s/ *Adam S. Hakki* |
| Andrew J. Rossman | Adam S. Hakki |
| 51 Madison Avenue | 599 Lexington Avenue |
| New York, NY 10010 | New York, NY 10022 |
| Tel: (212) 849-7000 | Telephone: (212) 848-4000 |
| Fax: (212) 849-7100 | Fax: (212) 849-7179 |
| | |
| *Counsel for Kearny Plaintiffs for claims against all Defendants except Morgan Stanley & Co., LLC* | *Counsel for Underwriter Defendants* |
| | |
| /s/ *Chad Johnson* | |
| Chad Johnson | |
| 51 Madison Avenue | |
| New York, NY 10010 | |
| Tel: (212) 849-7000 | |
| Fax: (212) 849-7100 | |
| | |
| *Counsel for Canyon Plaintiffs for claims against all Defendants except Morgan Stanley & Co., LLC* | |

| | |
|---|---|
| **LAW OFFICE OF FRANK J. BROCCOLO** | **SIDLEY AUSTIN LLP** |
| /s/ *Frank J. Broccolo* | /s/ *Sara B. Brody* |
| Frank J. Broccolo | Sara B. Brody |
| 7083 Hollywood Boulevard | 555 California Street, Suite 2000 |
| Los Angele, CA 90028 | San Francisco, CA 94104 |
| Tel: (310) 373-3305 | Telephone: (415) 772-7400 |
| | Fax: (415) 772-7400 |
| *Counsel for Plaintiffs* | |
| | *Counsel for Defendants Antonio Alvarez, Ahmad Chatila, Clayton Daley, Jr., Emmanuel Hernandez, Georganne Proctor, Steven Tesoriere, Martin Truong, James B. Williams, Brian Wuebbels and Randy Zwirn* |
| | **WILMER CUTLER PICKERING HALE AND DORR LLP** |
| | /s/ *Timothy Perla* |
| | Timothy Perla |
| | 60 State Street |
| | Boston, MA 02109 |
| | Telephone: (617) 526-6000 |
| | Fax: (617) 526-5000 |
| | *Counsel for Individual Defendant Peter Blackmore* |

SO ORDERED.

This 3 day of October, 2018.

_____
P. Kevin Castel
United States District Judge